[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10653
Non-Argument Calendar
_____

Agency No. A200-599-802

ANDREW POCHE RADIDO,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 5, 2017)

Before JORDAN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Andrew Poche Radido petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). He argues that the BIA erred in affirming the IJ's adverse credibility determination because the determination was not supported by substantial evidence. He contends that when his testimony is considered, he carried his burden to show he was entitled to relief. In the alternative, he asserts that the BIA erred in affirming the IJ's determination that he failed to come forward with sufficient corroborating evidence to show he was entitled to relief. He argues that the IJ failed to consider supplemental evidence that he timely filed with the immigration court but that was never made a part of the administrative record. Because the BIA did not consider Radido's argument that the IJ erred by failing to consider his supplemental evidence, we grant the petition, vacate the BIA's order, and remand so that the BIA may address this argument in the first instance.

## I.    FACTUAL BACKGROUND

Radido, a native and citizen of Kenya, entered the United States in 2003 on a non-immigrant visa but remained without authorization after his visa expired.

2

Several years after entering the United States, Radido applied for asylum, withholding of removal, and protection under the CAT, claiming that he had been persecuted in Kenya because of his political opinion and membership in a social group.

## A.    Initial Proceedings Before the IJ

In an affidavit and testimony before the IJ, Radido described the persecution he previously faced in Kenya and why he believed he would be murdered if he returned there.  Radido explained that in 1997 he had been elected as a councilor in Kenya, holding a position that was similar to that of a member of the United States House of Representatives.  As a councilor, Radido supported a project to modernize slums by demolishing shanties and replacing them with new homes that had basic modern amenities.  This project was opposed by slumlords who rented the shanties.  After Radido's negotiations with the slumlords failed, the slumlords aligned with the Mungiki, an ethnic terrorist group, to target Radido.

According to Radido, the Mungiki harassed him because of his political work.  In 2001, a Mungiki member threatened Radido's life.  When Radido ran for reelection the next year, the threats escalated.  In one instance, Mungiki members dragged Radido from his vehicle, punching and kicking him while threatening his life.  After this physical attack, Radido fled to the United States for three months.  But he returned to Kenya to continue his reelection campaign, which he lost.  Even

3

though Radido lost the election, the Mungiki continued to target him for physical violence and harassment.

In April 2003, Radido fled to the United States to escape the Mungiki. While he was in the United States, Radido sent his family into hiding so that the Mungiki could not harm them. Even after years in the United States, Radido worried that the Mungiki would murder him if he returned to Kenya. He believed that the Mungiki were still after him because in 2008 they murdered a man whom they believed to be Radido.

Besides his own testimony, Radido submitted corroborating evidence to support his application. Such evidence included documents confirming that he had been elected a councilor and medical records showing a shoulder fracture after a physical attack. He also submitted other evidence reflecting that the Mungiki were a violent group. He provided an affidavit from his bodyguard stating that Radido had received death threats and in 2008 a man was murdered because the Mungiki had mistaken him for Radido.

At the conclusion of the hearing, the IJ issued an oral decision denying Radido's application. The IJ found that Radido's asylum application was time barred. In the alternative, the IJ rejected Radido's asylum claim on the merits, determining that he had failed to establish that his life would be in danger if he returned to Kenya. The IJ made an adverse credibility determination and rejected

4

Radido's testimony. Because Radido was ineligible for asylum, the IJ also found that he failed to carry his burden to establish he was eligible for withholding of removal or relief under the CAT.

## B.     The BIA's Initial Decision

Radido appealed to the BIA, which dismissed his appeal in part and remanded in part. The BIA found that Radido was ineligible for asylum relief because his asylum application was untimely and dismissed the asylum portion of his appeal. But the BIA concluded that the IJ's analysis of Radido's eligibility for withholding of removal and protection under the CAT was so cursory and conclusory that it precluded meaningful review of the merits of the decision. The BIA remanded the case to the IJ so that the IJ could make clear factual findings and explain the basis for the decision. The BIA also directed the IJ to further evaluate Radido's credibility.

## C.     The IJ's Second Decision

Upon remand, the IJ allowed Radido to submit additional evidence. Radido claims that he filed additional evidence with the immigration court. But when the IJ subsequently denied Radido's application for withholding of removal and relief under the CAT, the IJ indicated that Radido had submitted no new evidence after the remand and never acknowledged or considered Radido's supplemental filing.

With regard to the merits of Radidio's applications, the IJ concluded that Radido failed to meet his burden in connection with his application for withholding of removal or CAT relief.  Again, the IJ made an adverse credibility determination. With respect to past persecution, the IJ found that Radido had proven that he had been elected to the legislature and that the Mungiki were a powerful gang, but that he submitted insufficient corroborating evidence to show that he had been personally targeted or that his persecutors were the Mungiki.  The IJ further found that Radido had failed to show he would face persecution or harm if he returned to Kenya and pointed to reports showing that Kenya had cracked down on the Mungiki and recently held peaceful elections.

## D.    The BIA's Second Decision

Radido again appealed the IJ's decision to the BIA.  As an initial matter, Radido argued to the BIA that the IJ had erred by failing to consider the supplemental materials that he had filed after the remand.  He also asserted that the IJ's credibility determination lacked support and that in any event his corroborating evidence showed that he was entitled to relief.

The BIA dismissed the appeal, explicitly adopting and affirming the IJ's conclusion that Radido had failed to carry his burden to prove he was eligible for withholding of removal or protection under the CAT.  The BIA explained that the IJ's credibility determination was not clearly erroneous.  The BIA also adopted the

IJ's reasons for rejecting Radido's argument that he had proven he was entitled to relief through corroborating evidence. But the BIA failed to address Radido's argument that the IJ had erred by failing to consider the supplemental materials that he had filed. Radido has petitioned our court for review.

## II.    STANDARD OF REVIEW

We review only the BIA's decision except to the extent that it expressly adopts the IJ's opinion or reasoning. *Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1234 (11th Cir. 2013). Because the BIA expressly adopted some of the IJ's reasoning, we must review both the IJ's and BIA's decisions. *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

We review factual determinations, including credibility determinations, under a substantial evidence standard. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006). But when the BIA or IJ "has failed to give reasoned consideration or make adequate findings, we remand for further proceedings because we are unable to review the decision." *Mezvrishvili v. U.S. Att'y Gen.*, 467 F.3d 1292, 1295 (11th Cir. 2006) (internal quotation marks and citations omitted).

## III.    LEGAL ANALYSIS

In his petition for review, Radido argues that he was entitled to withholding of removal and relief under the CAT. He presents two main arguments why the

BIA and IJ erred. First, he argues that his testimony was sufficient to establish that he was entitled to relief. Although the BIA and IJ found that he was not credible, he argues that substantial evidence does not support this finding. Second, he asserts that regardless of his credibility, he submitted corroborative evidence that was sufficient to satisfy his burden, including the supplemental materials that he filed with the immigration court after remand.

Radido argues in his petition, like he argued to the BIA, that the IJ failed to consider the entire record because the IJ ignored the supplemental, corroborating evidence that he filed with the immigration court after the remand. He contends that his supplemental materials were never made a part of the administrative record or considered by the IJ. The BIA ignored this argument and failed to address it. As a result, we are unable to review this issue. *See Mezvrishvili*, 467 F.3d at 295. We acknowledge that neither the BIA nor the IJ is required to specifically address each claim raised by a petitioner or each piece of evidence he presented, but they must consider the issues raised and render a decision in terms sufficient to enable a reviewing court to perceive that they have "heard and thought and not merely reacted." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (internal quotation marks omitted). Because the BIA failed to render a reasoned decision addressing, or even acknowledging, Radido's argument about the supplemental

evidence, we must remand.[1]

## IV.    CONCLUSION

For the reasons set forth above, we GRANT Radido's petition, VACATE the decision of the BIA, and REMAND for further proceedings consistent with this opinion.

**PETITION GRANTED; VACATED AND REMANDED.**

---

[1] We have recognized an exception to the remand rule that applies in "rare circumstances" when the undecided question involves a purely legal issue that is procedural in nature. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1330 (11th Cir. 2004) (internal quotation marks omitted). We cannot say such circumstances are present in this case, which involves the factual question of whether Radido actually filed the supplemental materials.